```
           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

AARON D. FOOTES, #267-253          *

    v.                               *   CIVIL ACTION NO. WDQ-11-1222

BOBBY P. SHEARIN, et al.,          *

*   *   *   *   *   *   *   *   *   *   *   *   *

MEMORANDUM OPINION

Pending is Aaron D. Footes's[1] petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for murder and related offenses in 1997. For the following reasons, the petition will be dismissed.

I. Background

On September 10, 1997, Footes was convicted in the Circuit Court for Prince George's County, Maryland, of murder, robbery with a deadly weapon, robbery, and use of a handgun in the commission of a crime of violence. ECF No. 6, Ex. 1 & 4. On September 29, 1997, he was sentenced to a life term of imprisonment for the murder conviction plus a consecutive 20-year term for the handgun offense. The remaining offenses merged. *Id.*, Ex. 1.

Footes noted a timely appeal. On June 10, 1998, the Court of Special Appeals of Maryland affirmed his conviction and sentence in an unreported opinion. ECF No. 6, Ex. 2. On

---

[1] Footes is confined at North Branch Correctional Institution. Warden Bobby Shearin is his custodian.

September 15, 1998, the Court of Appeals of Maryland denied Footes's request for further review. *Id.*, Ex. 3.

Footes did not seek further review of his convictions. His convictions became final on December 14, 1998, when the time for seeking further review expired.[2]

On June 15, 2006, Footes petitioned for post-conviction relief in the state court. ECF No. 6, Ex. 1 at 14. On May 4, 2007, he withdrew the petition, without prejudice. *Id.*, Ex. 1 at 16. On September 24, 2007, he reinstituted the post-conviction proceedings. *Id.*, Ex. 4 at 1. On December 19, 2008, the state court granted Footes the right to file a belated motion for modification of sentence, but denied all other post-conviction relief. *Id.*, Ex. 4 at 13. On June 29, 2011, the Maryland Court of Special Appeals denied his application for leave to appeal the decision of the post-conviction court. ECF No. 6 at 4.

On May 6, 2011, Footes filed this § 2254 petition. ECF No. 1. On July 20, 2011, the Respondents filed an answer addressing only the timeliness of Footes's petition. ECF No. 6. On August 24, 2011, Footes replied. ECF No. 8.

---

[2] *See* Sup. Ct. Rule 13.1 (petition for writ of certiorari to be filed no later than 90 days after date of the judgment of which review is sought).

II. Analysis

A. Standard of Review

Under 28 U.S.C. § 2244(d),[3] a person in custody because of a state court judgment has one year to file a habeas petition. The one-year period is extended if post-conviction proceedings are

---

[3] This section provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

pending, or equitable tolling is warranted. See § 2244(d); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998). Equitable tolling applies when the delay was caused by (1) the respondent's "wrongful conduct," or (2) "extraordinary circumstances" beyond the petitioner's control. See *Harris*, 209 F.3d at 330.

B. Footes's Petition

After Footes's state court conviction became final on December 14, 1998, he had one year to file a habeas petition. See § 2244(d). More than seven years passed before he filed for post-conviction relief. An additional six months elapsed from his voluntary withdrawal of that post-conviction petition and its re-filing. Accordingly, Footes' § 2254 petition is time barred. See § 2244(d)(1)(A).

Footes has not shown that equitable tolling applies. He mistakenly argues that his conviction became final on April 12, 2000. ECF No. 8. Even if the limitations began to run on that date, he did not institute post-conviction proceedings until June 15, 2006, more than six years after the date he claims his conviction became final. He offers no reason for the delay. Footes's status as a *pro se* litigant and any attendant lack of legal knowledge does not justify equitable tolling.[4] Thus, the

---

[4] See *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (*pro se* status does not establish sufficient ground for equitable

petition will be dismissed as time-barred under § 2244(d).

The Court rejects Footes's argument that the nondisclosure of Brady[5] material tolled the statute of limitations. Under 28 U.S.C. §2244(d)(1)(D), the statute of limitations begins to run when the factual predicate of a petitioner's claim is discovered.[6] Footes argues that certain Brady material was not disclosed to his trial attorney, ECF No. 1, but he has not indicated when he or his attorney became aware of the alleged violation.[7] The post-conviction court dismissed Footes's Brady

---

tolling); Felder v. Johnson, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of statutory amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); Barrow v. New Orleans S.S. Ass'n, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of the petitioner's unfamiliarity with the legal process or his lack of legal representation); Francis v. Miller, 198 F.Supp.2d 232, 235 (E.D. N.Y. 2002) (ignorance of the law and legal procedure is not so exceptional as to merit equitable tolling).

[5] Due process requires the Government to disclose before trial any evidence in its possession that is favorable to the defense. See Brady v. Maryland, 373 U.S. 83, 86-88 (1963) (requiring disclosure of exculpatory evidence); Giglio v. United States, 405 U.S. 150, 153-55 (1972) (requiring disclosure of evidence affecting the credibility of Government witnesses).

[6] See Willis v. Jones, 329 F. App'x. 7 (6th Cir. 2009) (limitations period began to run upon actual discovery of factual predicate for Brady claim); Hasan v. Galaza, 254 F.3d 1150, 1154, n.3 (9th Cir. 2001) (statute of limitations "begins to run when the prisoner knows or through diligence should discover the important fact, not when the prisoner recognizes their legal significance.")

[7] There is no evidence that the alleged Brady material was not provided to Footes's trial attorney. The attorney was not called

claims as bald and without support. ECF No. 6, Ex. 4. Even under § 2244(d)(1)(D), Footes's claim is time barred.

C. Certificate of Appealability

Unless a certificate of appealability ("COA") is issued, a petitioner may not appeal the Court's decision in a habeas proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). When a habeas petition is dismissed solely on procedural grounds, a COA will not issue unless the petitioner can demonstrate that "jurists of reason would find it debatable" whether (1) "the district court was correct in its procedural ruling," *and* (2) "the petition states a valid claim of the denial of a constitutional right."[8] The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission.

Here, reasonable jurists could not debate that Footes's petition was untimely. Thus, the Court will not issue a COA.

---

to testify at the post-conviction hearing, and Footes has presented no evidence here to support his bald assertion that the information in question was not revealed to his trial attorney.

[8] *Rose v. Lee*, 252 F.3d 676, 684-85 (4th Cir. 2001) (internal quotation marks omitted) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

6

III. Conclusion

For the reasons stated above, Footes's petition will be dismissed.

_11/30/11_  
Date

_/s/ William D. Quarles_  
William D. Quarles, Jr.  
United States District Judge